IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER,<br><br>                    Plaintiff,<br><br>     vs.<br><br>CALIFORNIA CORRECTIONAL<br>INSTITUTE SECOND WATCH,<br>et al.,<br><br>                    Defendants.<br>_____/ | 1:06-CV-01441-OWW-SMS-PC<br><br>ORDER FOR PLAINTIFF TO SUBMIT FURTHER INFORMATION SHOWING THAT HE IS IN IMMINENT DANGER, OR TO SUBMIT THE $350.00 FILING FEE IN FULL WITHIN THIRTY DAYS |

Plaintiff Willie Weaver ("plaintiff") is a prisoner without counsel who seeks to proceed in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 16, 2006. Plaintiff has not paid the $350.00 filing fee or submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action...under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A review

of the record of actions filed by plaintiff in the Fresno Division of the United States District Court for the Eastern District of California reveals that plaintiff filed three or more actions that were dismissed as frivolous, as malicious, or for failing to state a claim upon which relief may be granted.[1]  Thus, plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless plaintiff is under imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat of prison condition causing the physical injury must be real and proximate.  Ciarpaglini v. Saini, 352 F.3d 328, 332 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir.2002) and Heimermann v. Litscher, 337 F.3d 781 (7th Cir.2003)).  The exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.  Andrews v. Cervantes, 2007 WL 1932824 (9th Cir. 2007) (citing United States v. Jackson, 480 F.3d 1014, 1018-19 (9th Cir. 2007)).  In the instant complaint, plaintiff has alleged that "defendants are in conspiracy [with] inmates in A-4 A-4 threat[en]ing to kill plaintiff."  Plaintiff's allegation does not demonstrate that he was under "imminent danger of serious physical injury" at the time he filed his complaint.  Even though he alleges defendants or inmates have made threats, plaintiff offers no evidence that the threats are real or proximate.  See Carson v. Johnson, 112 F.3d 818, 822-823 (5th Cir.1997); Adepegba, 103 F.3d at 388.  See also Banos v. O'Guin, 144 F.3d 883 (5th Cir.1998).  Therefore, under 28 U.S.C. § 1915(g), plaintiff should be denied leave to proceed *in forma pauperis* unless plaintiff shows he is under imminent danger of serious physical injury.

Plaintiff shall be granted the opportunity to show that the facts alleged in his complaint placed him under "imminent danger of serious physical injury" at the time the complaint was filed.  In the alternative, plaintiff may submit payment of the $350.00 filing fee to proceed with this action.  Failure to comply with this order will result in a recommendation that this action be dismissed.

---

[1] The Court takes judicial notice of case numbers 1:06-CV-00671-OWW-SMS-P Weaver v. California Correctional Institution Confinement SHU (dismissed July 17, 2006, for failure to state a claim and frivolousness); 1:06-CV-00775-OWW-LJO-P Weaver v. California Correctional Institution - Third Watch Sergeant (dismissed July 17, 2006, for failure to state a claim and frivolousness); and 1:06-CV-00863-OWW-SMS-P Weaver v. California Correctional Institution Law Library (dismissed August 1, 2006, for failure to state a claim and frivolousness).

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty days from the date of service of this order, plaintiff shall submit further information to show that the facts alleged in his complaint place him under imminent danger of serious physical injury at the time the complaint was filed; or in the alternative,

2. Plaintiff shall submit payment of the $350.00 filing fee to proceed with this action; and

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:** **July 10, 2007**                              **/s/ Sandra M. Snyder**
                                                       UNITED STATES MAGISTRATE JUDGE